IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:25CR232 |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| LUIS MORENO-MORENO, | ) | |
| Defendant. | ) | |

## Introduction

Reacting out of panic and fear, Mr. Moreno-Moreno admittedly did physically assault, resist, oppose, impede and interfere with the three immigration officers who sought to arrest him. In the process, he did make "physical contact" and inflicted "bodily injury." While Moreno-Moreno's actions were unjustifiable and are deserving of punishment and deterrence, the fact is that the three officers overcame the unarmed and futile resistance of Mr. Moreno-Moreno quickly and easily. Mr. Moreno-Moreno briefly got away, but he didn't get far.

To a minimally sufficient degree and no more, the agents' momentary physical pain and superficial injuries meet the statutory offense elements and guideline specific offense characteristics of "physical contact" and "bodily injury." Mr. Moreno-Moreno is going to be deported when he is released from the sentence that the Court imposes. He and his partner and newborn son will have to wade through the deportation process and begin building a life for themselves in Mexico. At a practical level, a sentence of time served suits

the case facts and is sufficient to vindicate all statutory factors. Time served should be the sentence of the Court.

## Application of 18 U.S.C. §3553(a) to Mr. Moreno-Moreno

Mr. Moreno-Moreno has just turned 20 years old. He came to the United States from Mexico as a teenager when his mother sought asylum and was paroled into the United States.

He was arrested in this case as he went about fulfilling his reporting requirements with state probation. (PSR at para. 12) When suddenly and unexpectedly confronted by multiple plain-clothes agents as he left the state probation office, he panicked. His statement "I have a son" (PSR at para. 12) shows his mindset. He feared separation from his partner and his yet-to-be-born son. His immediate instinct was to get away and run. He physically resisted and briefly escaped an agent's vehicle. The agents suffered momentary pain and superficial injury in the process. Those are the facts.

The physical harm that he "inflicted" was the agents' momentary discomfort from Mr. Moreno-Moreno striking at their arms as he resisted being cuffed. Some scrapes, superficial and minor in their own right, came from the agents falling down amidst the struggle, not Mr. Moenro-Moreno's intentional infliction. Regardless, the agents required no medical attention. Mr. Moreno-Moreno was unjustified, but he was also unarmed and his resistance, although a defiance of lawful authority that should be punished and deterred, caused minimal harm. The resistance and defiance outweighs the physical harm in sentencing significance and is sufficiently punished and deterred through a time-served sentence.

–2–

Mr. Moreno's "physical contact" could not have been much less and still sufficiently elevate his offense from a misdemeanor to an eight-year felony. The same is true of the "bodily injury" that takes this case upward to a twenty-year maximum, but even more so.   The twenty-year maximum penalty gets triggered by use of a deadly or dangerous weapon, a fact not at all presented here. "Bodily injury" does the same, but extends to much more serious sorts of harm like cuts, burns, disfigurement and bodily and mental impairment. In contrast to these, Mr. Moreno-Moreno inflicted what falls in the lowest legally sufficient category of "any other injury to the body, no matter how temporary." 18 U.S.C. sec 1365(g)(4); Eighth Circuit Model Jury instructions, sec 9.18.111.

The fact is that the agents' injuries were of the most temporary of temporary character.   The Court's sentence should correspond. The United States Attorney possessed the discretion in how to charge this case, but the Court has the discretion in how to sentence it.

## Conclusion

The Court should sentence Mr. Moreno-Moreno to time-served.

           LUIS MORENO-MORENO, Defendant,

           By:_____s/ Jeffrey L. Thomas_____
             **JEFFREY L. THOMAS**
             **First   Assistant   Federal   Public Defender**
             222 South 15th Street, Suite 300N
             Omaha, NE   68102
             (402) 221-7896